

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| FERENCE FARKAS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　　Defendants. | Case No. 2:14–cv–451–JAD–VCF<br><br>**ORDER** |

　　　　This matter involves incarcerated Plaintiff Ference Farkas' civil rights action against the Nevada Department of Corrections. Before the court is Defendants' Motion to Submit Farkas' Medical Records Under Seal (#29). For the reasons stated below, Defendants' motion is granted.

　　　　Defendants seek an order sealing a large portion of Farkas' medical records, submitted in multiple parts as exhibits to Defendants' opposition to Farkas' motion for a preliminary injunction. Defendants argue that Farkas' medical records are confidential as a matter of law under various state statutes and administrative regulations. (Def.'s Mot. to Seal (#29) at 2–3).

　　　　"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id.* Otherwise, "a strong presumption in favor of access is the starting point." *Id.*

A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion, as they are here, must meet the "compelling reasons" standard outlined in *Kamakana*. A party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79. The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n. 6 (9th Cir. 2010) (internal quotations and citation omitted). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

The court recognizes that the need to protect medical privacy has qualified as a "compelling reason," for sealing records in connection with a dispositive motion. *See, e.g., San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10–02258 SBA, 2011 WL 89931, at *1 n. 1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Emp'r Mut. Ins. Co.*, Civil No. 09–000545 SOM/BMK, 2010 WL 4715793, at *1–2 (D. Haw. Nov. 15, 2010); *Wilkins v. Ahern*, No. C 08–1084 MMC (PR), 2010 WL 3755654, at *4 (N.D. Cal. Sept. 24, 2010); *Lombardi v. Tri West Healthcare Alliance Corp.*, 2009 WL 1212170, at *1 (D.Ariz. May 4, 2009).

Here, all of the exhibits (*see generally* Doc. #30) contain Farkas' sensitive health information, including his medical history, physical examination notes, progress notes, physician's orders and medication logs. Balancing the need for the public's access to information about Farkas' medical history, treatment, and condition against the need to maintain the confidentiality of Farkas' medical records, weighs in favor of sealing this exhibit.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion to Submit Farkas' Medical Records Under Seal (#29) is GRANTED.

IT IS SO ORDERED.

DATED this 18th day of August, 2014.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE