# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Ference Farkas,<br><br>           Plaintiff,<br><br>v.<br><br>Dr. Karen Gedney, et al.,<br><br>           Defendants. | Case No.: 2:14-cv-451-JAD-VCF<br><br>**Order Granting Plaintiff's Motion for Leave to Amend [Doc. 52] and Denying Without Prejudice Defendant's Motion for Summary Judgment [Doc. 35]** |

Plaintiff Ference Farkas brings this 42 U.S.C. § 1983 action for alleged violations of his First, Eighth, and Fourteenth Amendment rights, as well as Nevada tort and "common law" claims, in connection with inadequate medical treatment he claims has been subjected to while incarcerated at the Northern Nevada Correctional Center (NNCC") and High Desert State Prison ("HDSP"). Doc. 1. Defendants move for summary judgment on Farkas's § 1983 claims, arguing that he has failed to exhaust his prison administrative remedies, a prerequisite for suing in federal court. Doc. 35. Farkas countermoves to amend his complaint to limit the scope of his allegations, Doc. 52. Although defendants claim that Farkas's proposed amendment is futile in light of the evidence raised on summary judgment, I conclude that Farkas's allegations would survive a motion to dismiss and that his motion for leave to amend should be granted. Consequently, I grant his motion to amend and deny defendants' motion for summary judgment without prejudice to its reassertion based on the amended complaint.[1]

## Background[2]

In a nutshell, Farkas alleges that in May 2013, while an inmate at the NNCC, he spilled

---

[1] I find these motions suitable for disposition without oral argument. Nev. L.R. 78-2.

[2] This factual description, derived from the Plaintiff's allegations, is intended only for general background and is not intended as any finding of fact.

1

caustic oven cleaner on himself and suffered severe chemical burns while working in a prison kitchen. Doc. 1 at 4. His condition only worsened; he sought and obtained some medical treatment, but it was inadequate. *See id.* at 4-5.

In August 2013 he submitted 25 emergency grievances in connection with his ailments, but did not receive the specific treatment he requested. *Id.* at 4-5, 8. In early 2014, NDOC transferred him to HDSP, allegedly in retaliation for, as one corrections officer put it, "fucking with medical." *Id.* at 8. After his transfer to HDSP in early 2014, he continued to submit medical kites, and his "cell was randomly searched in retaliation of his ongoing requests for medical treatment." *Id.* at 6-7, 9.

On March 26, 2014, Farkas sued Dr. Karen Gedney (the medical doctor at NNCC), "Dr. Aranas" (the medical director for the Nevada Department of Corrections ("NDOC"), who saw Farkas after transfer to HDSP), and NDOC itself.[3] Farkas prays for "declaratory and injunctive relief requiring the return of [his] medical supplies and necessary medical treatment." Doc. 1 at 12. He also seeks an award of nominal, general, special, and punitive damages, as well as attorney's fees. *See id.* On September 4, 2014, after an evidentiary hearing, I denied Farkas's motion for a preliminary injunction. Doc. 48 (minutes).

Defendants then moved for summary judgment on Farkas's Section 1983 claims, arguing that he had failed to exhaust his prison grievance remedies as required by 42 U.S.C. § 1997e(a), the Prison Litigation Reform Act ("PLRA"). Doc. 35 at 6-8. Farkas responded to the motion, and on the same day requested leave to amend his complaint only "to name Defendants Gedney and Aranas in their individual capacity and to remove State of Nevada Department of Corrections and Doe Medical Doctor I, and Doe Defendant I-X as Defendants." Doc. 52 at 3. Farkas also drops his request for injunctive relief. Doc. 52-1 at 2, 11.

---

[3] Farkas also sues various unnamed defendants, whose presence is not considered here.

2

**Discussion**

Rule 15 of the Federal Rules of Civil Procedure requires district courts to "freely give leave [to amend] when justice so requires."[4] The Ninth Circuit has long recognized that this policy is "to be applied with extreme liberality."[5] In the seminal leave-to-amend case of *Forman v. Davis*,[6] the United States Supreme Court explained, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the Plaintiff] ought to be afforded an opportunity to test his claim on the merits."

Still, amendment is not automatic. If reasons justify denying opportunity to amend, the court has discretion to foreclose amendment.[7] In the Ninth Circuit, courts consider five factors when determining whether to grant leave: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint.[8] Any of the first four factors can serve as a basis for denying leave to amend.[9]

An amendment is futile when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[10] Although Rule 15(a) "encourages leave to amend, district courts need not accommodate futile amendments."[11] Rejection of a proposed amended complaint is warranted where the amendment "would merely enlarge on the legal theory rejected" by the Court.[12] However, the Ninth Circuit has found that a court may not dismiss an amended complaint on grounds of futility where, for example, the movant "may be

---

[4] Fed. R. Civ. Proc. 15(a)(2); *Sonoma County Association of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013).

[5] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).

[6] 371 U.S. 178, 182 (1962).

[7] *See Forman*, 371 U.S. at 182.

[8] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

[9] *Chudacoff v. University Medical Center of So. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011).

[10] *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (citation omitted).

[11] *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996).

[12] *Kentmaster Manufacturing v. Jarvis Products Corp.*, 146 F.3d 691, 696 (9th Cir. 1998).

1  able to amend its complaint to state a claim that will survive a motion to dismiss."[13]

2  In his one-page memorandum of law supporting his motion for leave to amend contends
3  that "after the opportunity to review records obtained after filing," he now believes that Drs.
4  Aranas and Gedney should be sued in their individual capacities only, and that NDOC should
5  be removed as a defendant. Doc. 52 at 3-4. His proposed amended complaint continues to assert
6  § 1983 claims for deliberate indifference to his medical needs and violations of custom and
7  policy, as well as a Nevada State law claim for intentional infliction of emotional distress. Doc.
8  52-1 at 9-11.

9  Defendants' similarly truncated response makes only one legal argument: that Farkas
10 failed to exhaust his prison grievance remedies in contravention of 42 U.S.C. § 1997e(a), and
11 thus the amendment is futile. Doc. 54 at 3-4. Defendants predict that Farkas's § 1983 claims
12 will be dismissed in "short order," after which they promise to move for dismissal of Farkas's
13 state law claim. *Id.* Farkas's reply claims that he "exhausted the remedies available to him,"
14 which were interrupted when he was transferred from one prison facility to another. Doc. 55 at
15 3.

16 The PLRA provides that "[n]o action shall be brought with respect to prison conditions"
17 by any prisoner "until such administrative remedies as are available are exhausted."[14] Prisoners
18 must "exhaust all 'available' remedies, not just those that meet federal standards."[15] But a
19 prisoner need not comply with a grievance process that has been rendered "effectively
20 unavailable."[16] And while the Ninth Circuit has not explicitly held that a prisoner's fear of
21 retaliation excuses a failure to exhaust, it has cited with approval holdings in other circuits in
22 which actual or threatened retaliation could render the inmate's ability to access the grievance

---

[13] *Sonoma*, 708 F.3d at 1118.

[14] 42 U.S.C. § 1997e(a).

[15] *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

[16] *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010).

4

process effectively unavailable.[17]

If Farkas failed to exhaust his administrative remedies, this conclusion hinges on facts that will be established during the course of discovery. But futility of amendment is analyzed under the same standard as a motion to dismiss: "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[18] The Ninth Circuit has cautioned that the failure to exhaust prison grievance remedies will rarely be plain from the face of the complaint,[19] and trial courts have noted that where it was not entirely clear whether the administrative grievance procedure was open to a prisoner post-transfer, leave to amend should be permitted.[20]

The allegations in Farkas's complaint meet the liberal standard to overcome a futility challenge. Farkas alleges that he filed numerous prison grievances, was transferred to High Desert "for fucking with medical," and has since been subject to a pattern of retaliation. Although Farkas does not explicitly state that he exhausted his prison grievances, it is far from clear whether the grievance process was rendered effectively unavailable due to retaliation by prison officials, or irreconcilably interrupted when Farkas was transferred. While the evidence on summary judgment may demonstrate that Farkas inexcusably failed to exhaust the prison administrative remedies before bringing his § 1983 claim, the well-pled allegations in his complaint suffice to deflect such a motion to dismiss, such that amendment would not be futile. And because granting Farkas's motion for leave to amend will alter the scope of defendants' now-filed motion for summary judgment, defendants' motion for summary judgment is denied without prejudice, subject to re-filing based on the scope of the soon-to-be amended complaint.

---

[17] *See Sapp v. Kimbrel*, 623 F.3d 813, 822-23 (9th Cir. 2010). *But cf. Albino*, 697 F.3d at 1034 (noting that administrative officials were not "effectively unavailable" where prison officials did not "engage[] in any misconduct that prohibited [the prisoner] from learning of or following the grievance procedure.").

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[19] *Albino*, 747 F.3d at 1162.

[20] *See O'Neal v. Stewart*, 2014 WL 3818117, at *2-*3 (C.D. Cal. Aug. 4, 2014).

5

**Conclusion**

Accordingly, it is HEREBY ORDERED that Plaintiff's Motion for Leave to Amend Complaint **[Doc. 52] is GRANTED**. Farkas is directed to file the Amended Complaint at Doc. 52-1 into the record within ten days of this Order.

It is FURTHER ORDERED that Defendant's Motion for Summary Judgment **[Doc. 35] is DENIED WITHOUT PREJUDICE**.

DATED: November 6, 2014.

_____
Jennifer A. Dorsey
United States District Judge