```
 1  ADAM PAUL LAXALT
    Nevada Attorney General
 2  DENISE S. McKAY
    Deputy Attorney General
 3  Nevada Bar No. 10507
    JOHN L. WARD IV
 4  Deputy Attorney General
    Nevada Bar No. 12513
 5  Bureau of Litigation
    Public Safety Division
 6  100 N. Carson Street
    Carson City, NV  89701-4717
 7  Tel:  (775) 684-1134
    E-mail:  jward@ag.nv.gov
 8  Attorneys for Defendants
    Romeo Aranas and Karen Gedney
 9
10
11
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| FERENCE FARKAS,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA DEPARTMENT OF CORRECTIONS, as nominal Defendants; DR. ARANAS; DR. KAREN GEDNEY; DOE MEDICAL DOCTOR I, and DOE DEFENDANTS I-X,<br><br>            Defendants. | Case No.  2:14-cv-00451-JAD-VCF<br><br>**MOTION TO WITHDRAW DEFENDANTS' EXPERT DISCLOSURE** |
|---|---|

Defendants Romeo Aranas and Karen Gedney,[1] by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and John L. Ward IV, Deputy Attorney General, hereby file their *Motion to Withdraw Defendants' Expert Disclosure*. This *Motion* is

---

[1] According to Plaintiff's superseding *First Amended Complaint* (Doc. #59), Plaintiff is no longer pursuing any legal claim against the State of Nevada, *ex rel.* Nevada Department of Corrections ("NDOC"). *Cf*. Doc. #53 at 1:26 – 2:1 (Plaintiff's opposition [. . .] stipulates to the dismissal of the State and NDOC [. . . and] does not disagree that Drs. Aranas and Gedney must be dismissed from the federal claims for monetary and declaratory relief, but also states a desire to amend his complaint to name them in their personal capacities so he can pursue money damages from them."). *Compare* Doc. #59 at 2:17 – 3:10 (Plaintiff did not name State of Nevada, *ex rel*. NDOC as a party-defendant in his superseding *First Amended Complaint* (Doc. #59)) *with* Doc. #1 at 3:9-12 (Plaintiff named State of Nevada, *ex rel*. NDOC as a party-defendant in Plaintiff's now superseded *Complaint* (Doc. #1)).  Notwithstanding, the caption to this case still inappropriately lists "State of Nevada Department of Corrections, as nominal Defendants."

based on the following Memorandum of Points and Authorities, any oral argument this Court may entertain on the same, and all other papers and pleadings filed in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT PROCEDURAL HISTORY

On August 10, 2015, in error, Defendants filed their *Expert Disclosure* (Doc. #65). As a discovery document, this *Expert Disclosure* (#65) was not subject to filing, but rather to mailing (as between the Parties). *See, e.g.*, Fed. R. Civ. P. 26.

### II. LEGAL STANDARD

> It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others[. . . .] These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal quotations and citations omitted).

### III. ARGUMENT

Defendants move to withdraw their *Expert Disclosure* (Doc. #65) from the docket, or to strike[2] the same, as this Court sees fit, for the inherent error of filing a discovery document not relevant to a motion to compel, etc.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[2] A district court has the inherent power to strike a party's submissions other than pleadings. *See Metzger v. Hussman*, 682 F.Supp. 1109, 1110 (D.Nev. 1988). The alternative basis for striking improper filings is the district court's "inherent power over the administration of its business. It has inherent authority to regulate the conduct of attorneys [and parties] who appear before it [and] to promulgate and enforce rules for the management of litigation. [. . .]" *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (citations omitted).

## IV. CONCLUSION

For the foregoing reason(s), Defendants request that this Court strike or otherwise withdraw from the docket Defendants' *Expert Disclosure* (Doc. #65).

Dated: August 12, 2015.

        ADAM PAUL LAXALT
        Attorney General

By: /s/ John L. Ward IV
      JOHN L. WARD IV
      Deputy Attorney General
      Bureau of Litigation
      Public Safety Division
      *Attorneys for Defendants*

The Clerk of Court is directed to strike Docket #65.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: August 17, 2015

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

3