UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ference Farkas,<br><br>    Plaintiff<br><br>v.<br><br>State of Nevada Department of Corrections, et al.,<br><br>    Defendants | 2:14-cv-00451-JAD-VCF<br><br>**Order Granting Motion for Summary Judgment and Closing Case**<br><br>[ECF No. 70] |

Nevada state prison inmate Ference Farkas sues a pair of prison medical doctors[1] for deliberate indifference to his serious medical needs and intentional infliction of emotional distress,[2] alleging that they failed to properly treat him after he sustained serious chemical burns while working in a prison kitchen.[3] The defendants move for summary judgment, arguing that Farkas's § 1983 claim must be dismissed because he failed to exhaust the Nevada Department of Corrections' administrative-grievance process before filing suit and that this court should decline to exercise supplemental jurisdiction over Farkas's remaining state-law claim.[4] Because Farkas failed to exhaust all administrative remedies available to him before filing suit, this court lacks jurisdiction over Farkas's § 1983 claim, and I dismiss this claim without prejudice as unexhausted. I also decline to continue exercising supplemental jurisdiction over Farkas's remaining state-law claim for intentional infliction of emotional distress ("IIED"), so I grant defendants' motion and close this

---

[1] Farkas also initially sued the Nevada Department of Corrections (NDOC) but he deleted all claims against the NDOC in his amended complaint. Farkas also deleted his prayer for injunctive relief.

[2] Farkas also asserts a "custom and policy" claim under § 1983. ECF No. 59 at 10. Custom and policy is not a stand-alone § 1983 claim, but rather a theory for imposing municipal liability under § 1983. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

[3] ECF No. 59.

[4] ECF No. 70.

case.[5]

## Background

In a nutshell, Farkas alleges that in May 2013, while an inmate at the Northern Nevada Correctional Center ("NNCC"), he spilled caustic oven cleaner on himself and suffered severe chemical burns to his groin area while working in the prison's kitchen.[6] His condition only worsened; he sought and obtained some medical treatment, but it was inadequate.[7]

In August 2013, he submitted 25 emergency grievances in connection with his ailments, but he did not receive the specific treatment he requested.[8] In early 2014, the Nevada Department of Corrections ("NDOC") transferred him to the High Desert State Prison ("HDSP"), allegedly in retaliation for, as one corrections officer allegedly put it, "fucking with medical."[9] After his transfer to the HDSP in early 2014, he continued to submit medical kites, and his "cell was randomly searched in retaliation for his ongoing requests for medical treatment."[10]

Farkas filed suit on March 26, 2014. He originally sued Dr. Karen Gedney (the Medical Director at the NNCC), Dr. Aranas (the Medical Director for the NDOC) who saw Farkas after his transfer to the HDSP, and the NDOC itself.[11] After defendants moved for summary judgment arguing that Farkas had failed to exhaust his prison-grievance remedies,[12] Farkas filed a motion to amend his complaint to delete all claims against the NDOC, name Drs. Gedney and Aranas in their

---

[5] I find this motion suitable for disposition without oral argument. L.R. 78-1.

[6] ECF No. 59 at ¶ 10.

[7] *Id.* at 3–7.

[8] *Id.* at ¶ 31.

[9] *Id.* at ¶ 33.

[10] *Id.* at ¶ 43.

[11] ECF No. 1.

[12] ECF No. 35.

individual capacities, and drop his prayer for injunctive relief.[13]  Noting that it was far from clear from the face of Farkas's complaint whether the prison-grievance process was rendered effectively unavailable due to retaliation by prison officials or irreconcilably interrupted when Farkas was transferred,[14] I found that Farkas's proposed amendments would not be futile, so I granted Farkas's motion to amend and denied defendants' summary-judgment motion as moot.[15]  Now with the benefit of full discovery, defendants again move for summary judgment and re-urge their exhaustion argument.[16]

**Discussion**

**A.     Summary-judgment standards**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[17]  When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[18]  If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[19]

If the moving party satisfies FRCP 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts

---

[13] ECF No. 52.

[14] ECF No. 57 at 5.

[15] *Id.* at 6.

[16] ECF No. 70.  Nevertheless, Farkas's counseled statement of undisputed facts speaks only to the merits of the claim, completely ignoring the central grievance issue.  *See* ECF No. 74 at 4–5.

[17] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[18] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[19] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

showing that there is a genuine issue for trial."[20]  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[21]  The court only considers properly authenticated, admissible evidence in deciding a motion for summary judgment.[22]

**B.    Exhaustion of administrative remedies**

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust all available administrative remedies before filing "any suit challenging prison conditions."[23]  Failure to properly exhaust all available administrative remedies as required by the PLRA is "an affirmative defense the defendant must plead and prove."[24]  Once a defendant proves that there was an available administrative remedy that the prisoner did not exhaust, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."[25]  Nonetheless, the ultimate burden of proof remains with the defendant.[26]  The question of exhaustion is typically disposed of on summary judgment, with the judge deciding disputed factual issues relevant to

---

[20] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[21] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

[22] FED. R. CIV. P. 56(c); *Orr*, 285 F.3d at 773–74.  Defendants' exhibits have been authenticated by the Declaration of the HDSP's Associate Warden Jennifer Nash, *see* ECF No. 71, who has demonstrated her personal knowledge of these documents and relevant events.  Farkas has failed to properly authenticate the prison grievances and medical records he attaches to his opposition, ECF No. 74-1 at 16–22, so I exercise my discretion not to consider them.

[23] 42 U.S.C. § 1997e(a).

[24] *Jones v. Bock*, 549 U.S. 199, 204 (2007).

[25] *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014).

[26] *Id.*

exhaustion.[27] If feasible, exhaustion should be decided before reaching the merits of a prisoner's claims.[28]

**C.    Defendants have shown that Farkas failed to exhaust all available administrative remedies before filing suit, so this court lacks jurisdiction over Farkas's § 1983 claim.**

The NDOC has a three-level grievance process for inmate medical complaints.[29] The parties do not dispute that Farkas did not submit a grievance related to his chemical burns through all three levels before filing suit.[30] Defendants argue that summary judgment is appropriate because Farkas did not complete the grievance process until *after* he filed suit on March 26, 2014, and post-suit exhaustion is insufficient.[31] Farkas vaguely responds that civil-rights cases are often inappropriate for summary judgment,[32] and he conclusorily argues that his transfer from the NNCC to the HDSP interfered with his ability to complete the grievance process.[33]

Both the United States Supreme Court and the Ninth Circuit Court of Appeals have made clear that post-suit exhaustion does not satisfy the PLRA's exhaustion requirement.[34] Just this term, in *Ross v. Blake*, the United States Supreme Court reiterated that the PLRA's exhaustion requirement is mandatory; exhaustion is only excused if administrative procedures are not available. Thus,

---

[27] *Id.* at 1170–71.

[28] *Albino*, 747 F.3d at 1170.

[29] AR 740.

[30] ECF No. 74 (stating that "[d]efendants apparently take exception with the fact that exhaustion of the remedies occurred after filing suit"). Farkas also did not argue in his opposition to defendants' first motion for summary judgment that he exhausted the NDOC's three-level grievance process before filing suit. ECF No. 51.

[31] ECF No. 70 at 13.

[32] ECF No. 74 at 6.

[33] ECF No. 7.

[34] *Ross v. Blake*, __S.Ct.__, 2016 WL 3128839, at * 5 (June 6, 2016) (holding that a court may not excuse an inmate's failure to exhaust administrative remedies before bringing suit under the PLRA, even to take "special" circumstances into account); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (requiring dismissal without prejudice when there is no pre-suit exhaustion).

1 Farkas's § 1983 claim may only proceed if the NDOC's administrative remedies, though existing on
2 paper, were effectively unavailable to him.

3 The NDOC has carried its initial burden to show that administrative remedies exist that
4 Farkas did not take advantage of. Defendants attach the NDOC's administrative regulations
5 governing inmate medical-grievance procedures[35] and the affidavit of Jennifer Nash, the Associate
6 Warden of the HDSP, who avers that these administrative regulations are available to inmates
7 through the prison's law library and that Farkas only submitted one grievance for treatment of his
8 chemical burns through the three levels of review (post-suit) while incarcerated at HDSP.[36] I find
9 that the defendants have satisfied their initial burden of proving lack of exhaustion, so the burden
10 shifts to Farkas to produce evidence showing that these remedies were effectively unavailable to him
11 before he filed this suit.

12 Farkas conclusorily argues that he "was transferred to Southern Nevada, which interrupted
13 [his] ability to exhaust all grievances."[37] Noticeably absent from Farkas's opposition is any
14 indication *how* that transfer interfered with his ability to complete the grievance process thus
15 rendering that process effectively unavailable to him. For example, Farkas does not claim that he
16 failed to timely file a grievance or timely internally appeal a grievance response due to his transfer or
17 due to pain or other complications stemming from his injuries. Even if he had, the NDOC
18 regulations allow for resumption of a grievance without harm to the validity of the prisoner's claims
19 if compelling circumstances prevented the prisoner from timely pursuing his grievance.[38]

---

[35] AR 740; ECF No. 71-7, 71-8, 71-9.

[36] ECF No. 71.

[37] ECF No. 74 at 7.

[38] AR 740.05(4)(C) ("When a grievance cannot be filed because of circumstances beyond the inmate's control, the time [to grieve] will begin to start from the date in which such circumstances cease to exist.").

The record also reflects that the grievance process was available to Farkas post-transfer because he filed several grievances while housed at the HDSP[39] and successfully completed the three-level grievance process from April through October 2014 immediately after he filed suit that March.[40] Finally, although Farkas alleges in his amended complaint that retaliation by prison officials also rendered the administrative process unavailable to him, he does not raise this argument in his opposition or offer any evidence to support it. I therefore find that Farkas has not met his burden to produce evidence to show that retaliation by prison officials or his transfer from the NNCC to the HDSP rendered the prison-grievance process effectively unavailable to him. Because Farkas did not exhaust all available administrative remedies before filing this lawsuit, this court lacks jurisdiction to entertain Farkas's § 1983 claim under the PLRA, and defendants are entitled to summary judgment on that claim.

**D.    I decline to exercise supplemental jurisdiction over Farkas's state-law claim.**

The dismissal of Farkas's § 1983 claim leaves only his state-law IIED claim over which I have been exercising supplemental jurisdiction.[41] Supplemental jurisdiction is a doctrine of discretion, not of right.[42] A federal district court may decline to exercise supplemental jurisdiction over a state-law claim if the district court has dismissed all claims over which it has original jurisdiction.[43] The decision to decline to exercise supplemental jurisdiction under section 1367(c)

---

[39] Farkas's unauthenticated grievances reflect that he filed an emergency grievance for his burns two days before filing suit, on March 24, 2014. ECF No. 74-1 at 10. He also attaches two post-suit grievances, *id.* at 17 (April 11, 2014), 18 (April 15, 2014). So, even if I were to consider this unauthenticated evidence, it supports dismissal.

[40] ECF No. 71-1 (informal grievance filed April 14, 2014); 71-2 (response); 71-3 (first-level grievance); 71-4 (response) 71-5; (second-level grievance); 71-6 (response).

[41] 28 U.S.C. § 1367.

[42] *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

[43] *See* U.S.C. § 1367(c).

should be informed by economy, convenience, fairness, and comity.[44]

These considerations compel me to decline to continue exercising supplemental jurisdiction over Farkas's state-law claim. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."[45]  Because this case has not been extensively litigated in this court and only a single state-law claim remains, I decline to exercise supplemental jurisdiction over Farkas's remaining claim and dismiss it without prejudice under 28 U.S.C. § 1367(c)(3).

## Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that **defendants' second motion for summary judgment [ECF No 70] is GRANTED.  This case is dismissed without prejudice for lack of subject-matter jurisdiction for failure to exhaust and under 28 U.S.C. § 1367(c)(3).**

The Clerk of Court is directed to CLOSE THIS CASE.

Dated this 14th day of June, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[44] *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

[45] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).